**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| KYLE PAXTON, on behalf of himself and on all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TENNECO AUTOMOTIVE OPERATING COMPANY INC.<br><br>Defendant. | Case No. 4:24-cv-03166<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT AND NEBRASKA WAGE AND HOUR ACT**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. Plaintiff Kyle Paxton ("Plaintiff") brings this lawsuit as a collective and class action on behalf of himself, and all others similarly situated who have worked for Tenneco Automotive Operating Company Inc. ("Tenneco" or "Defendant") seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 to 219, the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. §§ 48-1201, *et seq*. and the Nebraska Wage Payment and Collection Act ("NWPCA"), Neb. Rev. Stat. §§ 48-1228, *et seq.* Throughout the relevant time period of this action, Plaintiff and similarly situated workers have been denied payment for all hours worked, including overtime.

2. This case arises from Tenneco's unlawful policies and practices of paying employees for scheduled hours rather than for all hours actually worked. Defendant compensates employees only for their scheduled time regardless of how many hours they actually worked,

1

which results in failure to compensate non-exempt employees for all work performed and an unlawful withholding of earned wages.

3. Plaintiff files this action to recover on behalf of himself, Collective members, and Class members, all unpaid wages, compensation, penalties, and other damages owed to them under Nebraska state law and the FLSA.

## SUBJECT MATTER JURISDICTION AND VENUE

4. The Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. §§ 201, *et seq.*

5. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. The Court also has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy for Plaintiff's claims exceed the sum or value of $75,000.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Plaintiff was employed in this District, the claims arose in this District, and Defendant conducts business in this District.

## PARTIES

8. Plaintiff Kyle Paxton is an individual residing in Lincoln, Nebraska and is a citizen of the State of Nebraska. Mr. Paxton was employed as a Welder Fabricator by Defendant in Seward, Nebraska.

9. The FLSA Collective members are all similar hourly and non-exempt employees in the United States within the three years preceding the filing of this Complaint, or within the three years that the FLSA Collective Members originally asserted their FLSA claims.

2

10. The Nebraska Class members are all similar hourly and non-exempt employees in the State of Nebraska within the three years preceding the filing of this complaint.

11. Defendant Tenneco Automotive Operating Company Inc. is a Delaware corporation with its principal place of business located in Northville, Michigan.

12. At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

13. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

14. Plaintiff and the putative Collective and Class members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

15. Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

**FACTUAL BACKGROUND**

16. Tenneco is a company that designs, manufactures and markets automotive products. Tenneco employs hundreds of hourly non-exempt workers in Nebraska and various locations across the United States.

17. Plaintiff was employed by Defendant as a non-exempt Welder Fabricator in Seward, Nebraska from approximately January 2022 through February 22, 2024. At the end of his employment, Plaintiff's hourly rate of pay was $29.35 per hour. As a welder fabricator, Plaintiff's primary responsibilities included operating equipment used to produce automotive parts. Plaintiff was subjected to Defendant's timekeeping, pay, and overtime policies and practices.

18. Plaintiff was generally scheduled to work 8-hour shifts for five days a week. Although Plaintiff's shifts varied in length, he usually was scheduled to work approximately 40 hours per week, although he typically worked about two to three additional hours per week that

3

were uncompensated. Upon information and belief, Collective and Class Members worked the same or similar hours during their respective workweeks.

19. Defendant regularly fails to pay Plaintiff, Collective, and Class Members for all hours worked. Defendant's policies and practices cause Plaintiff, Collective, and Class Members to work without being compensated at overtime rates for any hours worked over 40-hours. Defendant pays Plaintiff, Collective, and Class Members only for their scheduled time and not for their actual compensable time.

20. For example, after their scheduled shifts, Defendant regularly requires Plaintiff, Collective, and Class members to perform additional work duties, such as cleaning duties, and requires Plaintiff, Collective, and Class members to doff safety gear and wait in lines to clock out and exit. Defendant does not compensate Plaintiff, Collective, and Class members for their time performing post-shift work duties, doffing safety gear, or waiting to clock out and exit. Instead, Defendant only compensates Plaintiff, Collective, and Class members for the scheduled shifts.

21. Plaintiff was normally scheduled to work from 10 PM to 6 AM, Defendant's third shift. Plaintiff was required to wear welding equipment, ear plugs, safety glasses and gloves while working. After 6 AM or at the conclusion of his scheduled shift, Plaintiff was required to clean his station. Then, Plaintiff had to remove and store and/or discard PPE. After completing the doffing process, Plaintiff is required to wait in line to clock out. Plaintiff estimates that he spends approximately 30-minutes after the conclusion of his scheduled shifts performing these additional duties. Defendant improperly does not pay Plaintiff, Collective, and Class members for compensable time performing these additional duties. Upon information and belief, Collective and Class Members were subject to the same or similar policies, practices, and procedures throughout the relevant time period.

22. In the instances when Defendant approves and pays overtime, Defendant does not

pay overtime at the rate of at least one- and one-half times the employee's regular rate of pay. That is, Defendant pays Plaintiff and putative Class and Collective Members with shift premiums and certain non-discretionary bonuses. However, Defendant does not factor in these shift premiums or non-discretionary bonuses when calculating the regular rate of pay for purposes of Plaintiff and putative Class and Collective Members' overtime rates of pay. Defendant thus improperly calculated the regular rate of pay, thereby depriving Plaintiff and putative Class and Collective Members of significant amounts of overtime compensation.

23. Upon information and belief, Collective and Class Members were subject to the same or similar policies, practices, and procedures throughout the relevant time period.

24. In addition, Defendant regularly fails to provide Plaintiff and Class members wage statements that accurately sets forth "at a minimum, the identity of the employer, the hours for which the employee was paid, the wages earned by the employee, and deductions made for the employee." Defendant's wage statements omit the hours and wages earned by post-shift work, and thus do not reflect accurate hours worked by Plaintiff and Class members, nor their accurate wages earned, including accurate overtime wages.

25. Defendant's policies, practices and procedures described above violate the FLSA, NWHA and NWPCA, which require that employers compensate employees at least minimum wages and for all time worked, including overtime wages at the rate of at least one- and one-half times the employee's regular rate of pay, that employers timely provide earned wages on regular days and at termination, and provide wage statements showing accurate hours and wages.

26. Defendant's conduct amounting to violations of the FLSA, NWHA and NWPCA were willful, and was not based on a good faith and reasonable belief that their conduct complied with the applicable law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following group of individuals:

**All current and former hourly, non-exempt employees employed by Defendant in the United States at any time starting three years prior to the filing of this Complaint until the resolution of this action (the "Collective").**

28. Plaintiff, individually and on behalf of other Collective members, seeks relief on a collective basis challenging Defendant's policies and practices of failing to accurately record all hours worked and failing to properly pay overtime compensation at the rate of at least one- and one-half times the employee's regular rate of pay.

29. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because his claims are similar to the claims possessed by the Collective members.

30. Defendant's failure to pay wages as required by the FLSA resulted from generally applicable policies and practices, and did not depend on the personal circumstances of FLSA Collective members.

31. Plaintiff is similarly situated to Collective members. Collective members are subject to a common policy, practice, or plan that requires then to perform work "off-the-clock" and without compensation of overtime wages in violation of the FLSA.

32. Plaintiff is informed and believes that Collective members have similarly been denied overtime wages, and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

33. Although Plaintiff and Collective members may have different job titles and/or work at different properties, this action may be properly maintained as a collective action on behalf of the defined collective because, throughout the relevant time period:

   a. Defendant maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their departments/facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

   b. Defendant maintained common timekeeping systems and policies with respect to Plaintiff and Collective members;

   c. Defendant maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members; and

   d. Defendant maintained common timekeeping policies and practices at issue in this litigation, set the rounding policies and practices at issue in this litigation, and instituted a time deduction practice applicable to Plaintiff and Collective members.

34. The specific job titles or precise job responsibilities of each Collective member does not prevent collective treatment.

35. Collective members, irrespective of their particular job requirements, are entitled to overtime wages for hours worked in excess of forty during a workweek.

36. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from Defendant's records, and potential opt-ins

may be easily and quickly notified of the pendency of this action. These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

37.     Plaintiff contemplates providing a notice or notices to all of the employees, as approved by the Court, to be delivered via United States Mail and other means. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all members who timely request inclusion in the Collective.

## RULE 23 CLASS ACTION ALLEGATIONS

38.     Plaintiff brings causes of action as a class action on behalf of himself and the putative Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Class that Plaintiff seeks to represent is defined as follows:

> **All current and former non-exempt employees who worked for Defendant in Nebraska at any time during the time period starting three years prior to the filing of this Complaint until the resolution of this action (the "Class").**

39.     Plaintiff reserves the right to establish additional subclasses as appropriate.

40.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the Class is easily ascertainable.

(a)     **Numerosity**: The potential members of the Class are so numerous that joinder is impracticable. Plaintiff is informed and believe that the number of Class members exceeds 100.

(b) **Commonality**: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

(i) Whether Defendant fails to compensate Class members for all hours worked, including at minimum wage, in violation of the NWHA;

(ii) Whether Defendant fails to timely provide Class members their earned wages, in violation of the NWPCA;

(iii) Whether Defendant failed to timely provide Class members who terminated their employment with their earned wages, in violation of the NWPCA;

(iv) Whether Defendant fails to provide Class members with wage statements with accurate hours and wages information, in violation of the NWPCA;

(v) The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the Class as alleged herein.

(c) **Typicality**: Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

(d) **Adequacy of Representation**: Plaintiff is a member of the Class, does not have any conflicts of interest with other Class members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff are competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

(e) **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class

members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

41. The Class may also be certified because the prosecution of separate actions by the individual Members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

42. If each individual Class Member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial legal resources.

43. Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## FIRST CLAIM FOR RELIEF
## COUNT I
## VIOLATION OF THE FLSA
**(On Behalf of Plaintiff and the Collective)**

44. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

45. The FLSA requires that covered employees receive overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week.

46. At all times material herein, Plaintiff and Collective members are covered employees entitled to the rights, protections, and benefits provided under the FLSA.

47. Plaintiff and Collective members are similarly situated individuals within the meaning of the FLSA § 216(b).

48. Defendant is a covered employer required to comply with the FLSA's mandates.

49. Throughout the relevant time period, Defendant violated the FLSA by failing to pay the legally mandated overtime premium at the rate of at least one- and one-half times the employee's regular rate of pay for all work done in excess of forty (40) hours per workweek. Defendant also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective.

50. Plaintiff and Collective members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed, and from which Defendant derived a direct and substantial monetary benefit.

51. Plaintiff and Collective members are entitled to damages equal to the mandated pay, including overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

52. Because of Defendant's willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

53. Plaintiff and Collective members are further entitled to an award of reasonable attorneys' fees and costs of the Action, in addition to any judgment awarded.

## SECOND CLAIM FOR RELIEF
## COUNT II
## VIOLATION OF THE NWHA AND THE NWPCA
### (On Behalf of Plaintiff and the Class)

54. During all times relevant to this action, Defendant was the "employer" of Plaintiff and the Class within the meaning of the NWHA and the NWPCA.

55. During all times relevant to this action, Plaintiff and the Class were Defendant's "employees" within the meaning of the NWHA and the NWPCA.

56. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the NWHA including, but not limited to, the right to receive Nebraska's minimum wage rate. Nev. Rev. Stat. § 48-1201 *et seq.*

57. Nebraska employees have been entitled to be compensated at a rate of at least $9.00 per hour through December 31, 2022, $10.00 per hour between January 1, 2023 and December 31, 2023, and $12.00 per hour since January 1, 2024. Neb. Rev. Stat. § 48-1203(c).

58. Under the NWHA, Neb. Rev. Stat. § 48-1206(4), any employer who violates any provision of § 48-1203 shall be liable to the employees affected in the amount of their unpaid minimum wages.

59. At all relevant times herein, Plaintiff and the Class have also been entitled to the rights, protections, and benefits provided under the NWPCA, including, but not limited to, the right to receive all wages due on regular days, wage statements showing the hours for which the employee was paid and the wages earned by the employee, and unpaid wages on the next regular payday or within two weeks of the date of termination, whichever is sooner. Nev. Rev. Stat. §§ 48-1228 *et seq.*

60. Under Neb. Rev. Stat. § 48-1231(1), an employee denied full and timely payment of wages is entitled to recover the full amount of the judgment and all costs of such suit as well as attorneys' fees.

61. In addition, an employer who fails to furnish a wage statement under Neb. Rev. Stat. § 48-1230(2) is subject to a statutory fine pursuant to § 29-436, "[f]or the first offense be fined not more than one hundred dollars; (2) upon a second conviction for the same infraction within a two-year period be fined not less than one hundred dollars and not more than three hundred dollars; and (3) upon a third or subsequent conviction for the same infraction within a two-year period be fined not less than two hundred dollars and not more than five hundred dollars."

62. As alleged herein, Defendant violated the NWHA and NWPCA by willfully failing to pay Plaintiff and the Class at least minimum wages for their compensable time, including the time spent performing post-shift work duties, failing to timely pay Plaintiff and the Class earned wages when due, including at termination, and failing to provide wage statements with accurate hours and wages information.

63. Thus, Plaintiff and the Class are entitled to recover from Defendant compensation, as well as statutory penalties, interest, and reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the NWHA and NWPCA.

## PRAYER FOR RELIEF

64. For these reasons, Plaintiff, Collective, and Class members respectfully request that judgment be entered in their favor awarding the following relief:

> i. An order preventing Defendant from retaliating in any way against Plaintiff, Class, and any Collective member who joins the present suit based on their pursuit of these claims alleged herein;

    ii. An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

    iii. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

    iv. An order finding that Defendant violated the FLSA;

    v. An order finding Defendant violated the FLSA willfully;

    vi. An order finding that Defendant violated Nebraska law;

    vii. An order finding Defendant violated Nebraska law willfully;

    viii. All unpaid wages due under the FLSA;

    ix. All unpaid wages and penalties due under the NWHA and NWPCA,;

    x. An equal amount as liquidated damages as allowed under the FLSA;

    xi. Pre- and post-judgment interest to the extent available;

    xii. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA and Nebraska law;

    xiii. Such other and further relief to which Plaintiff, Collective, and Class members may be entitled at law or in equity.

Dated: September 12, 2024

Robert E. Morelli, III
Carolyn H. Cottrell (*Pro Hac Vice Application Forthcoming*)
Esther L. Bylsma (*Pro Hac Vice Application Forthcoming*)
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street. Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100; Fax: (415) 421-7105
rmorelli@schneiderwallace.com
ccottrell@schneiderwallace.com
ebylsma@schneiderwallace.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: September 12, 2024

Robert E. Morelli, III
Carolyn H. Cottrell (*Pro Hac Vice Application Forthcoming*)
Esther L. Bylsma (*Pro Hac Vice Application Forthcoming*)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street. Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100; Fax: (415) 421-7105
rmorelli@schneiderwallace.com
ccottrell@schneiderwallace.com
ebylsma@schneiderwallace.com

*Attorneys for Plaintiff*