IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KYLE PAXTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TENNECO AUTOMOTIVE OPERATING COMPANY INC.,<br><br>Defendant. | 4:24-CV-3166<br><br>ORDER |

This matter is before the Court on the defendant's objection (filing 81) to the Magistrate Judge's findings and recommendation (filing 80) recommending that the plaintiff's motion for conditional class certification (filing 71) be granted in part and denied in part. The Court, having conducted a *de novo* review pursuant to 28 U.S.C. § 636(b)(1),[1] agrees with the Magistrate Judge's findings and recommendation, and will adopt them. Accordingly,

IT IS ORDERED:

1. The defendant's objection (filing 81) is overruled.

---

[1] The parties disagree about the appropriate standard of review: The defendant requested a *de novo* review, filing 81 at 5, while the plaintiff argues that his motion is non-dispositive and that the Court should only review the Magistrate Judge's decision for clear error, filing 82 at 1-2. But regardless of whether the Magistrate Judge *could* have ruled directly on the plaintiff's motion, what the Magistrate Judge *did* was issue findings and recommendations pursuant to § 636(b)(1)(B). *See* filing 80 at 1. So, they're subject to *de novo* review.

2. The Magistrate Judge's findings and recommendation (filing 80) are adopted.

3. The plaintiff's motion for conditional certification (filing 71) is granted in part and denied in part.

4. The Court conditionally certifies an FLSA collective consisting of:

> All current and former, non-exempt hourly employees who have worked full-time for at least one week during the period of the last 3 years until the present for Tenneco Automotive Operating Company Inc. in Nebraska.

5. On or before December 1, 2026, the defendant shall produce to the plaintiff's counsel, in electronic format, the names, last known mailing addresses, email addresses, dates of employment, and locations worked of all individuals within the collective. The defendant need not produce telephone numbers.

6. The plaintiff may send his proposed notice and consent-to-join form (filing 73 at 126-34) to each potential collective member by mail and email, and one reminder notice at the midpoint of the opt-in period, modified to:

   a. Describe the Nebraska collective set out above;

   b. Revise the eligibility criteria to reflect both of the plaintiff's theories;

c. Revise the sentence beginning "If you suspect any retaliation or discrimination" to tie it to participation in this lawsuit; and

d. Remove from the consent-to-join form the statement authorizing the plaintiff's counsel to "use this consent to re-file my claim in a separate lawsuit or arbitration."

7. Potential collective members may sign the consent-to-join form electronically.

8. The opt-in period shall be 90 days from the date the plaintiff first sends the notice and consent-to-join form.

9. The plaintiff's requests to authorize notice by text message and to transfer this action to the Eastern District of Michigan are denied

10. The plaintiff's requests to amend the complaint and substitute a named opt-in plaintiff, to strike the declarations of Shania Smolik and Kelly Bolte, and for equitable tolling of the FLSA limitations period, are denied without prejudice.

Dated this 17th day of November, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge